### Jim Turner v. The State.

No. 5146.   Decided November 20, 1918.

**Aggravated Assault—Threats—Charge of Court—Self-defense.**

Where, upon trial of aggravated assault, there was evidence of antecedent threats by the party injured against the defendant, the jury should have been instructed, in connection with the charge on self-defense, with reference to the law of threats.

Appeal from the District Court of Parker. Tried below before the Hon. F. O. McKinsey.

Appeal from a conviction of aggravated assault; penalty, six months confinement in the county jail.

The opinion states the case.

*Hood & Shadle,* for appellant.—Cited Darnell v. State, 58 Texas Crim. Rep., 585, 126 S. W. Rep., 1122.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant wounded one Combs with a knife and was convicted of aggravated assault and his punishment fixed at confinement in the county jail for six months.

There was a dance at the residence of Combs to which appellant was invited by one Mullins, in whose honor the dance was given and who had authority to extend the invitation. There was some previous ill-feeling between appellant and Combs and when the latter learned of appellant's presence he ordered him to leave the premises and a fight ensued between them, which took place upon the gallery of Combs' house. The parties were separated by an officer and Combs having claimed that appellant was using knucks, the officer expressed a desire to search appellant. To this appellant consented, stating, however, that he desired to get out of the yard first, which was done. After making the search the officer left appellant, making no arrest, and there is some testimony that Combs went toward or in the house. Subsequently Combs went outside of the yard into his pasture, where the appellant was, and, according to the latter's theory, assaulted him. During the interval Combs said: "I will kill the son-of-a-bitch or make him leave." The difficulty occurred at night and appellant claims that he heard this remark, and that Combs came out into the pasture, came up to him and struck him, and that he, believing himself in danger of serious injury, got out his pocketknife and struck Combs, inflicting the wound upon which the prosecution is based. Appellant said that Combs was coming right on him and that he cut him as quick as he could and didn't know where he had cut him. Appellant was a young man about twenty years of age, weighing about 160 pounds; Combs was a man somewhat older, weighing about 175 pounds.

The court in his charge made no reference to the law of threats. Appellant insists that in connection with the charge on self-defense the jury should have been informed as to the law of threats. An exception to the charge was reserved and a special charge requested and refused.

In the case of Hancock v. State, 47 Texas Crim. Rep., 3, the ruling was that it was only necessary to charge on threats which were made antecedent to the difficulty; that threats made during the progress of the difficulty do not call for a separate charge. The court's remarks, and the statement of the case show that at the time of the assault which resulted in the homicide, the deceased was making no attempt to execute any threat. There has been no previous difficulty or trouble. In this case there was some evidence of prior ill-feeling, that is to say, ill-feeling existed before the appellant went to the house of Combs. After

he reached there, from the viewpoint of appellant and his witnesses, Combs assaulted him, applying to him a vile epithet, and after they were separated and while the officer was searching appellant, there was some evidence that Combs went toward the house, and that when he returned he made the remark which is quoted above, which was testified to by others besides appellant. The remark attributed to Combs and which appellant claims to have heard was calculated to give color to the act of Combs in following appellant through the gate and assaulting him. It was dark and appellant was unable to see whether his assailant was armed or not. It is hard to lay down a rule that would be applicable to all cases defining what was a part of the difficulty and what was antecedent to it; necessarily, to some extent, the facts of each case would control. Antecedent means prior in point of time. On this occasion there were two encounters. After the first and before the second the threat was made. It is not clear whether it was made directly to the appellant, but it does appear that he heard it. A case upon facts somewhat similar is Thomson v. State, 49 Texas Crim. Rep., 384. The parties there were riding together in a hack, and the deceased, during about an hour before the homicide, made several remarks, one time telling the accused that he was going to push him out of the hack; another, that he had a good mind to whip him. Immediately before the fatal encounter the deceased said: "I know you did it, and by God I am going to kill you." This evidence was held by the court to require a charge on threats. We think in the instant case that the jury should have been informed, in connection with the charge on self-defense, in reference to the law of threats so that they might interpret from appellant's standpoint the acts of Combs occurring after the threat was uttered.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*